## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| DEONANDRE L. FORD, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 1:24-cv-00211-SPM |
| v. | ) |
| | ) |
| BILL STANGE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Self-represented Petitioner Deonandre L. Ford has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, and a motion for leave to proceed in forma pauperis. Having reviewed the motion, the Court finds Petitioner is unable to pay the filing fee. The Court will therefore grant Petitioner leave to proceed in forma pauperis. Having reviewed the Petition, the Court finds that Petitioner has not clearly identified the grounds for relief that he wants to raise in this Court. The Court will therefore direct Petitioner to file an amended petition. The Court will also deny without prejudice Petitioner's motion seeking the appointment of counsel.

### Discussion

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires this Court to review a § 2254 Petition. If it plainly appears that the petitioner is not entitled to relief, this Court must dismiss the petition.

Petitioner prepared the Petition using pages from a court-provided form. Where the form provides space for Petitioner to describe the grounds for relief he raised during state court proceedings, Petitioner wrote "See Attachments." (ECF No. 1 at 3, 8). Petitioner included two

single-page handwritten attachments, one titled "Postconviction Point Relied on" and one titled "Direct Appeal Point Relied on." (ECF No. 1-1 at 1-2).

The Petition includes multiple copies of the pages provided to set forth Ground One and Ground Two, but Petitioner did not set forth any grounds for relief on those pages. *See* (ECF No. 1 at 4, 6-7, 9, 11-14, 16). In the "Supporting facts" section of two of those pages, Petitioner wrote "See Attachment." *Id.* at 4, 9. However, the attachments contain no language indicating they are intended to set forth the grounds for relief Petitioner wants to raise here, in federal court. As a result, it is not sufficiently clear what grounds for relief Petitioner wants to raise in this case. Finally, Petitioner identified the challenged judgment of conviction using case number 1422-CR03445, but according to Missouri Case.net, that case involves a person other than Petitioner.

Petitioner must file an amended petition that clearly identifies the ground or grounds for relief that he wants to raise here, in federal court. For each ground for relief Petitioner specifies, he must provide the specific facts that entitle him to relief from this Court. Petitioner may certainly raise the same grounds for relief that he raised in state court, but he must set forth those grounds for relief in the § 2254 Petition, or in an attachment that clearly identifies them as the grounds for relief that he wants to raise in this case. To assist Petitioner, the Court will direct the Clerk to mail him a copy of his original petition, along with a copy of the Court's form Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Petitioner should also identify the judgment of conviction that he intends to challenge in this Court, but if he does not know the correct case number, he may leave that line blank.

Petitioner has also filed a motion seeking the appointment of counsel. The motion will be denied without prejudice. There is no constitutional right to appointed counsel in a habeas action. *See* 28 U.S.C. § 2254(h); *see also Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994). Instead,

a court may appoint counsel to represent a financially eligible habeas petitioner if the court determines that the "interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). *See also* 28 U.S.C. § 2254(h).  The appointment of counsel is discretionary  unless an evidentiary hearing is conducted. *Hoggard,* 29 F.3d at 471 (citation omitted). In exercising such discretion, district courts should consider the legal and factual complexity of the case, the petitioner's ability to investigate and present his claims, and any other relevant factors. *Id.*

Having reviewed the record and considered the relevant factors, the Court concludes the appointment of counsel is unwarranted at this time.  The Court will therefore deny the motion for appointment of counsel without prejudice, and will entertain future such motions, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that  Petitioner's motion to appoint counsel (ECF No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that  the Clerk shall mail to Petitioner a copy of his original Petition and attachments (ECF No. 1 and 1-1), and a copy of this Court's form Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Order, Petitioner shall file an amended petition that clearly identifies the grounds for relief he wants to raise in this case and clearly identifies the judgment of conviction he wants to challenge.

**Petitioner's failure to timely comply with this Order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 4th day of December, 2024.

_____
SHIRLEY P. MENSAH
UNITED STATES MAGISTRATE JUDGE