UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DEONANDRE FORD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:24 CV 211 RWS |
| | ) |
| BILL STRANGE, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This case is before me on Petitioner Deonandre Ford's Motion for Reconsideration [23] of the order denying his petition for habeas corpus relief and declining to issue a certificate of appealability.  For the reasons set forth below, I will deny Ford's motion.

## BACKGROUND

Deonandre Ford is currently incarcerated at the Southeast Correctional Center in Charleston, MO.  On December 1, 2016, a jury convicted Ford on the following counts: (1) first-degree manslaughter; (2) armed criminal action; (3) first-degree assault; (4) armed criminal action; (5) first-degree assault; (6) armed criminal action; (7) unlawful use of a weapon; (8) armed criminal action; (9) unlawful use of a weapon; (10) armed criminal actions; (11) first-degree endangering the welfare of a child; and (12) armed criminal action.  On February

1

2, 2017, the trial court sentenced Ford to fourteen years with consecutive life, second consecutive life, consecutive thirty years, and consecutive fifteen years' imprisonment.

The Missouri Court of Appeals affirmed Ford's conviction and sentence on March 27, 2018. After holding an evidentiary hearing, the trial court denied Ford's motion for post-conviction relief on October 27, 2022. On August 8, 2025, I denied Ford's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 because his claims for relief lacked merit and/or did not present a basis for federal habeas relief. I also declined to issue a certificate of appealability under 28 U.S.C. § 2253 because Ford had not made a substantial showing that he was denied a federal constitutional right. Ford filed the instant motion for relief from judgment under Fed. R. Civ. P. 60(b) and to alter or amend the judgment under Fed. R. Civ. P. 59(e). *See* ECF. 23 at 3-4.[1]

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) allows a petitioner to file a motion to alter or amend a district court's judgment within 28 days from its entry, with no possibility of an extension of time. *Banister v. Davis*, 590 U.S. 504, 507 (2020) (citing Fed. R. Civ. P. 6(b)(2)). The Rule enables a district court "'to rectify its own mistakes in the period immediately following' its decision." *Id.* at 508

---

[1] Page numbers for ECF. 23 refer to the pages as Ford has numbered them in his motion.

2

(quoting *White v. New Hampshire Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)). Rule 59(e) motions suspend finality of the district court's judgment. *Id.* at 516.

District courts have "broad discretion" in determining whether to alter or amend a judgment pursuant to a timely Rule 59(e) motion. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 922 (8th Cir. 2006). "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* In the habeas context, a litigant may invoke Rule 59(e) "only to request 'reconsideration of matters properly encompassed' in the challenged judgment." *Banister*, 590 U.S. at 516 (citation omitted).

Because Rule 59(e) motions give the court an opportunity to correct or reverse a mistaken judgment, they "are not second or successive [habeas] petitions, but instead are part of a prisoner's first habeas proceeding." *Id.* at 516-17. The purpose behind Rule 59(e) is not to allow petitioners to repeatedly attack the district court's decision or "string[] out [their] claims over the years." *Id.* at 517. Rather, it is to prevent "piecemeal appellate review" by allowing the district court to "perfect its judgment before a possible appeal." *Id.* at 516. Rule 59(e) motions

3

must therefore "specifically identify[] for the court a manifest error of law or fact that needs correcting." *Nordgren v. Hennepin Cnty.*, 96 F.4th 1072, 1077 (8th Cir. 2024). "A 'manifest error'…is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted).

Rule 60(b) motions are distinct from Rule 59(e) motions. *See Banister*, 590 U.S. at 518. Unlike Rule 59(e) motions, "Rule 60(b) motions can arise long after the denial of a [litigant's] initial petition—depending on the reason given for relief, within either a year or a more open-ended 'reasonable time.'" *Id.* (citing Fed. R. Civ. P. 60(c)(1)). "Rule 60(b)(6) 'provid[es] that a court may lift a judgment for 'any other reason that justifies relief.'" *Davis v. Kelley*, 855 F.3d 833, 835 (8th Cir. 2017) (quoting *Buck v. Davis*, 580 U.S. 100, 112 (2017)). To succeed on a Rule 60(b) motion, a litigant must present "extraordinary circumstances" justifying relief. *See Rouse v. United States*, 14 F.4th 795, 799 (8th Cir. 2021). "Rule 60(b) extraordinary circumstances 'rarely occur in the habeas context.'" *Id.*

Moreover, Rule 60(b) motions are subject to restrictions on filing second or successive habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. § 2244(b). *See Gonzalez v. Crosby*, 545 U.S. 524 (2005); *see also Ward v. Norris*, 577 F.3d 925, 932 (8th Cir. 2009) ("Rule 60(b) applies to habeas proceedings to the extent it is not inconsistent with

4

AEDPA."). Rule 60(b) motions cannot be used to circumvent AEDPA's procedural requirements. As relevant here, § 2244(b)(3) requires prior authorization from a court of appeals before district courts can consider successive or second habeas petitions. *See Rouse*, 14 F.4th at 800 ("[I]nmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3)…by purporting to invoke some other procedure.") (citing *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005)).

To determine whether a Rule 60(b) motion counts as a second or successive habeas petition, courts assess whether the motion "contains one or more 'claims.'" *Barnett v. Roper*, 904 F.3d 623, 632 (8th Cir. 2018). "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." *Id.* A Rule 60(b) motion brings a "claim" when it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim **on the merits**." *Gonzalez*, 545 U.S. at 532 (emphasis in original). However, if a Rule 60(b) motion only attacks "defect[s] in the integrity of the federal habeas proceedings," it does not count as a second or successive habeas petition. *Id.*

## DISCUSSION

Although Ford captioned his motion as seeking relief under Rule 59(e), "the substance of a motion rather than the form of a motion is controlling." *BBCA, Inc. v. United States*, 954 F.2d 1429, 1432 (8th Cir. 1992). Here, Ford's motion cites

5

both Fed R. Civ. P. 59(e) and 60(b).  I will construe Ford's motion as arising under both rules.  *See, e.g.*, *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (noting "[a] *pro se* complaint must be liberally construed…*pro se* litigants are held to a lesser pleading standard than other parties").

First, I will deny Ford's motion under Rule 59(e) because it is time-barred.  Second, I find that even if his Rule 59(e) motion was timely, it does not raise sufficient grounds to justify altering or amending the judgment.  Third, I will deny Ford's motion under Rule 60(b) because, although timely, it counts as a second or successive habeas petition and has not met AEDPA's (§ 2244(b)(3)'s) authorization requirement.

### I.    Ford's Rule 59(e) motion is time-barred.

Judgment was entered on Ford's petition for a writ of habeas corpus on August 8, 2025.  Ford filed the instant motion on September 9, 2025, more than 28 days after the entry of judgment.  As a result, his Rule 59(e) motion is time-barred.  Given the strict 28-day window for filing Rule 59(e) motions, it would have been improper to grant Ford's Motion for Extension of Time to file a 59(e) motion [22].  *See, e.g.*, *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014) ("Rule 59(e)'s 28-day time limit **may not be extended**…a district court lacks jurisdiction over an untimely Rule 59(e) motion") (emphasis in original); *Clayton v. Dejoy*, No. 4:18-CV-01039-JAR, 2020 WL 7625010, at *1 (E.D. Mo. Dec. 22,

6

2020) (finding Plaintiff's 59(e) motion was time-barred because "the Orders Plaintiff seeks to challenge were entered over 28 days ago").

## II. Even if Ford's Rule 59(e) motion was timely, it does not raise sufficient grounds to justify altering or amending the judgment.

Even if Ford's Rule 59(e) motion was filed within the 28-day window, it does not raise sufficient grounds to justify altering or amending the judgment. In his motion, Ford seeks to relitigate issues already addressed in the challenged order and offer arguments which could have been raised prior to the entry of final judgment. Specifically, Ford argues that his trial counsel was ineffective because counsel did not impeach one of the witnesses with a prior inconsistent statement. ECF. 23 at 4. Ford further argues that trial counsel was ineffective for not introducing evidence of an alleged "deal" between the state and the witness. *Id*.

In the challenged order, I rejected Ford's first argument by finding that the Missouri Court of Appeals had not engaged in an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), when it denied Ford's ineffective assistance of counsel claim. ECF. 20 at 9-14. Ford cites *United States v. Loudner*, 991 F.2d 802 (8th Cir. 1993), to support his claim that the witness's prior statement was inconsistent with trial testimony and could have been used to impeach the witness. In *Loudner*, the court found that "the victim's prior statement was not inconsistent with her in-court identification of Loudner…[t]he sister did not testify

7

that the victim actually said she did not know who the abuser was…" *Id.* Ford claims that because the witness's prior statement was that "[s]he was not sure who it was that shot her," the statement was inconsistent with the witness's trial testimony that identified Ford as the shooter. ECF. 23 at 6-7.

By attempting to distinguish his case from *Loudner*, Ford simply seeks to relitigate the issue of whether counsel was ineffective for not impeaching the witness with a prior inconsistent statement. Rule 59(e) cannot be used as a vehicle to relitigate old issues. *See Exxon Shipping Co. v. Baker,* 554 U.S. 471, 486 n.5 (2008); *see also Taylor v. Steele,* No. 4:12 CV 2278 RWS, 2019 WL 2995997, at *2 (E.D. Mo. July 9, 2019) (denying petitioner's Rule 59(e) motion because relitigating a prior ruling was "not a proper ground for a Rule 59(e) motion").

Additionally, Ford's second argument could have been raised prior to the entry of final judgment. Ford notes that he learned about an alleged "deal" between the state and the same witness when he received his legal file for appeal purposes. ECF. 23 at 5. He argues that trial counsel was ineffective for not questioning the witness about the "deal." Ford points to Exhibit A attached to his motion in support of his claim. However, Exhibit A does not provide any factual basis demonstrating that a "deal" was made or that trial counsel knew about it. ECF. 23-1. Regardless, Ford did not raise this argument on appeal or in his original habeas petition, even though the information was in his possession. *See* ECF. 1-1 & 19-8.

8

For these reasons, I find that Ford has not demonstrated a manifest error or law or fact in the challenged order, and he has not presented any newly discovered evidence. Therefore, even if Ford's motion was timely, it would have failed on the merits.

### III. Although timely, Ford's Rule 60(b) motion counts as a second or successive habeas petition and has not met AEDPA's authorization requirement.

In addition to Rule 59(e), Ford asserts the same two claims under Rule 60(b). Ford's Rule 60(b) motion, although timely, counts as a second or successive habeas petition. Ford's motion does not identify a specific defect in the federal habeas proceedings. Instead, Ford asserts a new ground for relief and attacks the resolution of his prior claims on the merits. Since Ford's motion brings "claims" as defined in *Gonzalez*, it counts as a second or successive habeas petition and must comply with AEDPA's (§ 2244(b)(3)'s) authorization requirement. 545 U.S. at 532. 28 U.S.C. § 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Ford has not shown that he received authorization from the appropriate court of appeals to file a second or successive habeas petition. Moreover, Ford's motion falls short of presenting "extraordinary circumstances" justifying relief under Rule 60(b).

9

Because I find that Ford's Rule 59(e) motion was untimely and his Rule 60(b) motion is a second or successive habeas petition lacking the required authorization under 28 U.S.C. § 2244(b)(3), I will deny his motion.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Deonandre Ford's Motion for Reconsideration [23] pursuant to Fed. R. Civ. P. 59(e) & 60(b) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Extension of Time [22] is denied as moot.

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 15th day of October, 2025.